UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**Norene Hopkins,**

      **Plaintiff,**         **Civil Action No. 03-70455**

    **vs.**                 **District Judge Victoria A. Roberts**

**Michael J. Astrue,**        **Magistrate Judge Mona K. Majzoub**
**Commissioner of Social Security,**

      **Defendant.**
_____/

### REPORT AND RECOMMENDATION

Plaintiff Norene Hopkins has filed this civil action seeking judicial review of Defendant the Commissioner of Society Security's determination that she is not entitled to social security disability benefits. (Dkt. 3.) Before the Court is Defendant's motion to dismiss for Plaintiff's failure to prosecute. (Dkt. 19.)

The Court has been referred this motion for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (Dkt. 15.) The Court has reviewed the motion and relevant docket entries, dispenses with a hearing, and issues this report and recommendation.[1]

**I.    Recommendation**

Because the Court recommends finding that Plaintiff has failed to prosecute this case–due to the inability to locate her–despite the Court and Defendant's efforts to serve Plaintiff with the pleadings, the Court recommends granting Defendant's motion to dismiss and dismissing this case with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Eastern District of Michigan

---

[1] E.D. Mich. LR 7.1(f)(2).

Local Rule 41.2.

**II.    Report**

    **A.    Facts**

In February 2003 Plaintiff filed a complaint for judicial review of Defendant's denial of her Social Security benefits request. (Dkt. 3.) In June of that year, Defendant filed a motion to remand the case for additional administrative proceedings, which the court granted. (Dkt. 8.) Eight and a half years later, Defendant filed a motion to reinstate the case and answered the complaint. (Dkt. 10, 11.) On April 27, 2012 Defendant filed a motion to dismiss for failure to prosecute the case, as notices from the Court had been returned as "undeliverable" on February 17, 2012 and March 12, 2012. (Dkt. 19, 16, 18.) Defendant also represents that it attempted to contact Plaintiff by cell phone. (Dkt. 19, Def.'s Mot. to Dismiss at 3.)

Defendant provides further background in its motion to dismiss. (Def.'s Mot. to Dismiss.) Defendant states that it contacted Plaintiff, who informed Defendant that she had moved to Arizona and stated that she wished to continue challenging her benefits denial.[2] (*Id.* at 3.) Defendant further states that Plaintiff reported that she was receiving Supplemental Security Income benefits from an application she filed after the 2004 denial. (*Id.* at 4.)

    **B.    Analysis**

Defendant moves for dismissal, alleging that "[t]here is no reasonable way for this case to go forward without Plaintiff's participation." (Def.'s Mot. to Dismiss at 4.) But Defendant states that, if Plaintiff should contact the Court and request relief from judgment pursuant to Rule 60(b)(1) "within a reasonable time" and within a year, Defendant would not oppose that motion. (*Id.*) (citing

---

[2]Defendant has not indicated when this phone contact occurred.

Fed.R.Civ.P. 60(b)(1).)

>Rule 41(b) provides:

>if the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). Local Rule 41.2 further provides,

>when it appears that . . . the parties have taken no action for a reasonable time, the court may, on its own motion after reasonable notice or on application of a party, enter an order dismissing or remanding the case unless good cause is shown.

E.D.Mich. LR 41.2. Case law also provides other factors to consider.

>When determining a motion to dismiss for failure to prosecute, a [c]ourt should weigh four factors: (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. Although typically none of the factors is outcome dispositive, it is said that a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct.

*Lumpkin v. Deutsche Bank Nat'l Trust Co.*, 2011 WL 4916695, at *4 (E.D.Mich. Oct. 17, 2011) (Cox, J.) (quotation marks and citations omitted).

Here, Plaintiff has completely hindered this case's progress and has failed to file an ordered response. (Dkt. 22.) The Court therefore recommends that this case be dismissed. No other option exists. Plaintiff has an obligation to update the Court with her current address. *See Evans v. Metrish*, 06-13660, 2008 WL 3200002, at *1 (E.D.Mich. Aug. 6, 2008) (Cleland, J.) (holding, "it is [the plaintiff's] responsibility to update the court with current addresses.). She failed to do so. While the Defendant is not prejudiced by a small delay, Defendant should be afforded a final decision at some time. Although the Court has not previously warned Plaintiff that failure to comply

with the Court's orders could lead to dismissal, there also is no reasonable expectation that she would receive such a warning. The same reasoning applies to whether the Court has imposed lesser sanctions before dismissal–no lesser sanctions are appropriate because Plaintiff could not receive them. *See Cartier v. Comm'r*, 10-14857, 2011 WL 3948782 (E.D.Mich. Aug. 16, 2011) (Majzoub, Mag. J.) *adopted by* 2011 WL 3948781 (Cleland, J.) (dismissing case for lack of prosecution when the plaintiff failed to respond to two show cause orders and had filed nothing since the initial complaint). *See also Thomas v. Comm'r*, 09-13397, 2012 WL 994629, at *3 (E.D.Mich. Feb. 13, 2012) (Whalen, Mag. J.) *adopted by* 2012 WL 994624 (E.D.Mich. Mar. 23, 2012) (Zatkoff, J.) (finding that the plaintiff was at fault for not complying with show cause orders, that the defendant was not prejudiced by the delay, and that no sanctions short of dismissal were appropriate.) (And also holding that "[n]umerous judges in this District have dismissed Social Security complaints under Rule 41(b) where the [p]laintiff has neither filed a summary judgment motion nor responded to a show cause order," and noting one district judge's position to the contrary.) The Court therefore finds that dismissal is appropriate.

      **C.**    **Conclusion**

Given the history of this case, Plaintiff's failure to update the Court with an address or phone number, and Defendant's representation that it would not oppose a Rule 60(b)(1) relief from judgment motion by Plaintiff, the Court recommends granting Defendant's motion to dismiss, with prejudice.

**III.**    **Notice to Parties Regarding Objections**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

      Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  August 8, 2012                        s/ Mona K. Majzoub
                                                      MONA K. MAJZOUB
                                                      UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

      I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: August 8, 2012                        s/ Lisa C. Bartlett
                                                   Case Manager